**SO ORDERED.**

**SIGNED this 04 day of May, 2011.**

                                                        *James P. Smith*
                                          **JAMES P. SMITH**
                                **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| JOHN MATTHEW BRYAN, | : | |
| | : | |
|     Debtor | : | Case No. 10-31383 JPS |
| | : | |
| MARYELLEN PENLAND, | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| JOHN MATTHEW BRYAN, | : | |
| | : | |
|     Defendant | : | Adversary Proceeding |
| | : | No. 10-3059 |

BEFORE

JAMES P. SMITH.
UNITED STATES BANKRUPTCY JUDGE

APPEARANCE:

    Plaintiff:        Maryellen Penland, pro se
                          1630 Crawley Road
                          Madison, GA 30650

    Defendant:      John Matthew Bryan, pro se
                          760 Wynn Road
                          McDonough, GA 30252

## MEMORANDUM OPINION

Before the Court are Defendant's motion to dismiss Plaintiff's complaint on the ground that the complaint was filed after the bar date and Plaintiff's motion to extend the time in which to file her dischargeability complaint. The Court, having considered the motions, the responses and the record, now publishes this memorandum opinion.

On August 4, 2010, Defendant filed a Chapter 7 case but did not list Plaintiff as a creditor. Plaintiff was not notified of the bankruptcy and was not served with the notice sent to creditors pursuant to Federal Rule of Bankruptcy Procedure (hereafter "Rule") 2002(a) and (f),[1] which stated, in part, that the bar date to file a complaint objecting to the dischargeability of a debt was November 23, 2010

On November 17, 2010, Defendant filed an amendment to his bankruptcy schedules adding Plaintiff as a creditor. Although Defendant was served with the amendment, she was not served with the notice required by Rule 2002(a) and (f), which would have disclosed the November 23, 2010, bar date for filing an objection to dischargeability.

Plaintiff first knew of Defendant's bankruptcy on Friday, November 19, 2010, when she received the amendment. Plaintiff immediately phoned the office of Defendant's attorney and stated that the bankruptcy filing was fraudulent and that she would pursue legal action to stop the bankruptcy proceeding. She again phoned the office of Defendant's attorney on Monday, November 22, 2010, but was unable to talk with an attorney. Plaintiff went to the office of Defendant's attorney on Tuesday, November 23, 2010, which was the bar date for

---

[1] Rule 2002(a)(1) requires that creditors be given notice of the meeting of creditors under 11 U.S.C. § 341(a). Rule 2002(f)(5) requires that creditors be given notice of the deadline or bar date to file a complaint objecting to the dischargeability of certain debts.

3

filing an objection to dischargeability.  Once again, Plaintiff was unable to talk with Defendant's attorney.  The next day, Wednesday, November 24, 2010, Plaintiff met with an attorney in the Chapter 7 trustee's office and later that day she met with an attorney to discuss her claim against Defendant.

On December 6, 2010, Plaintiff filed pro se a complaint objecting to the dischargeability of Defendant's debt.  In the complaint, Plaintiff alleged that Defendant obtained the use of her credit card through fraud, false pretenses and false statements.  Plaintiff also alleged that Defendant damaged her vehicle's tailgate through negligence.  Defendant timely filed pro se a response denying the allegations.  On February 24, 2011, Defendant filed pro se a motion to dismiss Plaintiff's complaint on the ground that the complaint was time barred because it was filed after the bar date.  On March 21, 2011, Plaintiff filed pro se a response which the Court deems to be a motion for extension of time to file her complaint.[2]

A motion to extend the time to file an objection to dischargeability of a debt must be filed before the bar date.  Rules 4007(c) and 9006(b)(3).  Plaintiff's motion for extension of time was filed after the bar date.  However, in appropriate circumstances, several courts have applied the doctrine of equitable tolling to allow an otherwise untimely motion to extend.[3]

---

[2] "Realizing that *pro se* litigants lack familiarity with bankruptcy law and procedure, the court liberally construes *pro se* pleadings to permit consideration of the relief sought within the applicable legal and procedural limitations.  See, Kilgo v. Ricks, 983 F.2d 189 (11th Cir. 1993)."  In re Hellhoff, 2011 WL 873447 (Bankr. N.D. Ga., Mar. 14, 2011).

[3] Both the Supreme Court and the Eleventh Circuit have declined to rule on whether equitable tolling affords relief from the bar date.  Kontrick v. Ryan, 540 U.S. 443, 457, 124 S.Ct. 906, 916, 157 L.Ed 2d 867 (2004); Alabama Dept. of Economic and Community Affairs v. Lett, 368 Fed. Appx. 975, 979 n.3 (11th Cir. 2010)

See In re Phillips, 288 B.R. 585 (Bankr. M.D. Ga. 2002) (Walker, J.) (allowed creditor an opportunity to show why equitable tolling should allow its untimely filed dischargeability objection). See also European American Bank v. Benedict (In re Benedict), 90 F.3d 50, 54-55 (2nd Cir. 1996) (Rule 4007(c) time period is subject to equitable tolling); Le Grand v. Harbaugh (In re Harbaugh), 301 B.R. 317, 320 (BAP 8th Cir. 2003); Saddle River Valley Bank v. Garsia, 2010 WL 4929268 (D.N.J., Nov. 30, 2010); Wilkerson Fuel, Inc. v. Elliott, 415 B.R. 214, 221-22 (D.S.C., 2009); Wahrman v. Bajas, (In re Bajas) 443 B.R. 768, 773 (Bankr. E.D. Mich., 2011); First Bank System v. Begue (In re Begue), 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995).

In Nardei v. Maughan (In re Maughan), 340 F.3d 337 (6th Cir. 2003), the Sixth Circuit held that equitable tolling allowed a creditor's motion to extend the time filed three days after the bar date. The court stated:

> There are five factors that should be considered when deciding to apply the doctrine of equitable tolling: "The factors are : (1) lack of actual notice of filing requirements; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

340 F.3d at 344.

In the case at bar, Defendant initially did not list Plaintiff as a creditor and she was not notified of the bankruptcy or the bar date. Plaintiff first knew of the bankruptcy four days before the bar date. Two of those days were a Saturday and a Sunday and two were business days just prior to Thanksgiving. Plaintiff, proceeding pro se, was diligent in contacting the office of Defendant's attorney three times but was unable to talk with an attorney. Although

Plaintiff was served with the amendment adding her as a creditor, the amendment did not give contact information for the bankruptcy court or the bar date.  Plaintiff was not served with the notice as required by Rule 2002(f)(5) advising her of the bar date.  Plaintiff filed her complaint objecting to dischargeability 13 days after the bar date.  There is no evidence of any intervening circumstances during that period that would prejudice Defendant in defending the merits of Plaintiff's complaint.  Therefore, the Court concludes that Plaintiff has satisfied the requirements of equitable tolling.  Accordingly, Plaintiff's motion to extend the bar date will be treated as timely and will be granted.

      Furthermore, 11 U.S.C. § 523(a)(3)(B) provides, in part, that a debt will not be discharged if the debt was neither listed or scheduled in time to permit a timely objection to dischargeability if the debt was of a kind specified in section 523(a)(2), (4) or (6), unless the creditor had notice or actual knowledge of the bankruptcy case in time to timely file the objection.  Several courts have considered how much notice a creditor needs in order to timely file an objection to dischargeability.  See Douglas County Bd. of Comm'rs v. Quarterman (In re Quarterman), 2010 WL 4642471 (Bankr. N.D. Ga., Aug. 23, 2010) (Diehl, J.) (4 days notice not sufficient).  See also Tidwell v. Smith (In re Smith), 582 F.3d 767, 779-80 (7th. Cir. 2009) (16 days at Christmas not sufficient).  Mfg. Hanover v. Dewalt (In re Dewalt), 961 F.2d 848 (9th Cir. 1992) (7 days not sufficient; 30 days notice necessary in great majority of cases); Grossie v. Sam (In re Sam), 894 F.2d 778 (5th Cir. 1990) (18 days notice was sufficient); Sophir Co. v. Heiney (In re Heiney), 194 B.R. 898, 902-03 (D. Colo. 1996) (18 days notice insufficient; 30 days notice was necessary); In re Walker; 149 B.R. 511, 515-17 (Bankr. N.D. Ill. 1992) (knowledge of bankruptcy acquired by unrepresented

6

creditor 20 days prior to bar date was insufficient).

In the case at bar, Plaintiff first knew of Defendant's bankruptcy four days prior to the bar date. Two of those days were a Saturday and a Sunday and two were business days just prior to Thanksgiving. Plaintiff has asserted nondischargeability claims under section 523(a)(2) and (6). Under these facts, the Court concludes that, pursuant to section 523(a)(3)(B), Plaintiff did not have sufficient time to file an objection to dischargeability prior to the bar date. Accordingly, additional grounds exist for granting Plaintiff's motion to extend the bar date.

Defendants' motion to dismiss contends that the complaint was filed after the bar date. Having determined that Plaintiff's motion to extend the time should be granted, the Court will deem Plaintiff's complaint as having been timely filed. Accordingly, the Court will grant Plaintiff's motion for extension of time to file her complaint, deny Defendant's motion to dismiss and schedule this adversary proceeding for a status conference.

** END OF DOCUMENT **